UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

American Airlines, Inc. 401(k) Plan,  and )
The Employee Benefits Committee, )
)
      Plaintiffs, )
)    Civil Action No.: _____
v. )
)
Alex A. Petrosillo; Toni-Ann Capozzi- )
Gorski, the legal guardian of Jeri-Lyn )
Petrosillo; and Heidi Smith, individually )
and as Trustee of the Heidi Smith Trust )
)
      Defendants. )

**COMPLAINT IN INTERPLEADER**

Plaintiffs American Airlines, Inc. 401(k) Plan (the "Plan") and the Employee Benefits Committee (the "Committee"), by and through their attorneys, hereby files its Complaint in Interpleader as follows:

<u>Nature of the Action</u>

1.     This is an interpleader action brought because of a dispute over the proper beneficiary of Plan benefits payable upon the death of former Plan participant Anthony Petrosillo (the "Decedent").  The Plan is sponsored by American Airlines, Inc. (the "Company"), and is governed by the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  The Committee is the Plan's Administrator.

<u>Parties</u>

2.     The Plan is an employee pension benefit plan within the meaning of ERISA § 102(2)(A), 29 U.S.C. § 1002(2)(A).  The Plan may sue under ERISA as an entity.  ERISA § 502(d)(1); 29 U.S.C. § 1132(d)(1).  Plaintiffs are residents of the State of Texas.

3.      Upon information and belief, Alex A. Petrosillo is the son of the Decedent and resides in Massachusetts.

4.      Upon information and belief, Jeri-Lyn Petrosillo is the daughter of the Decedent, she resides in Florida and her mother, Toni-Ann Capozzi-Gorski, also a Florida resident, is Jeri-Lyn's legal guardian.

5.      Upon information and belief, Heidi A. Smith was the Decedent's domestic partner and resides in Massachusetts.

<u>Jurisdiction and Venue</u>

6.      This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under ERISA.  Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7.      Pursuant to 29 U.S.C. § 1132(e), the Court has personal jurisdiction over all of the interpleader defendants provided they are served within the United States.

8.      Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1397, and 28 U.S.C. § 1391(b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

<u>Cause of Action in Interpleader</u>

9.      The Decedent, a Plan participant, had a positive Plan account balance prior to his death, and such balance remains in the Plan (the "Plan Benefits").

10.     The Plan document establishes at § 2.17, pages 3-5, the right of a Plan participant to name a beneficiary.

11.     The Decedent died on December 21, 2022.  An accurate and authentic copy of the Decedent's death certificate is attached hereto as Exhibit 1.

12.     The beneficiary designation form on file for the Decedent was last updated on May 25, 2022, and names "Heidi Smith Trust Trust" as the 100% primary beneficiary and lists "Alex A. Petrosillo" and "Jeri-Lyn R. Petrosillo" each as 50% contingent beneficiaries.  An accurate and authentic (partially redacted) copy of the Decedent's beneficiary designation form is attached hereto as Exhibit 2.

13.     Attorney David R. Bernardin provided a sworn (but unnotarized) statement dated June 1, 2023, which indicates, among other things, that Mr. Bernardin had done extensive estate planning with the Decedent, and had prepared and notarized estate planning documents for him, including a new will and a trust entitled, "Petrosillo Family Trust".  This statement also indicates that Mr. Bernardin met with Heidi A. Smith and prepared and notarized a new will for her.  Mr. Bernardin states that there was no Heidi Smith Trust or Heidi A. Smith Trust.  Mr. Bernardin expressed the opinion that the Decedent's designation of the Heidi Smith Trust as his beneficiary was erroneous, and this designation should be construed as meaning Heidi Smith individually. An accurate and authentic copy of Mr. Bernardin's June 1, 2023 statement is attached hereto as Exhibit 3.

14.     Mr. Bernardin also submitted a letter dated October 27, 2023, enclosing a number of documents, including an original counterpart of a Heidi Smith Trust document, together with a Certificate of Trustee.  The Declaration of Trust is dated October 27, 2023, which is after the date of the Decedent's death.  An accurate and authentic copy of Mr. Bernardin's October 27, 2023 letter (with enclosures) is attached hereto as Exhibit 4.

15.     On April 3, 2024, attorney Stephen Agnatovech sent a letter to the Company, indicating that he had been retained by Toni-Ann Capozzi-Gorski, individually, and as Guardian of Jeri-Lyn Petrosillo.  This letter expresses the view that because the Heidi Smith Trust was

created by Heidi Smith herself after the death of the Decedent, the primary beneficiary

designation is invalid or void and Alex Petrosillo and Jeri-Lyn Petrosillo, equally, should be paid

the Plan Benefits as the contingent beneficiaries.  An accurate and authentic copy of Mr.

Agnatovech's April 3, 2024 letter is attached hereto as Exhibit 5.

16.     On April 11, 2024, attorney Thomas Delaney sent a letter to the Company,

indicating that he represents Heidi Smith and that she maintains that she and/or the Heidi Smith

Trust are entitled to the Plan Benefits.  An accurate and authentic copy of Mr. Delaney's letter is

attached hereto as Exhibit 6.

17.     On April 17, 2024, Alex A. Petrosillo sent a letter to the Plan asserting his

entitlement to the Plan Benefits as the contingent beneficiary, for reasons more fully set forth in

the letter.  An accurate and authentic copy of Mr. Petrosillo's April 17, 2024 letter is attached

hereto as Exhibit 7.

18.     Plaintiffs cannot determine the proper beneficiary or beneficiaries of the Plan

Benefits without risking exposure to multiple claims and liabilities.

19.     As a mere stakeholders, Plaintiffs make no claim to the Plan Benefits other than

payment of its reasonable attorney's fees and costs in connection with this action.  Plaintiffs,

therefore, respectfully request that this Court determine to whom the Plan Benefits should be

paid.

20.     Plaintiffs are ready, willing and able to pay the Plan Benefits, in accordance with

the terms of the Plan, in such amounts and to whichever defendant or defendants the Court shall

designate.

21.     Plaintiffs further request that, in order for the Plan Benefits to maintain any tax

deferred benefit they may have, and to avoid any potential adverse tax consequences that may

result from interpleading the Plan Benefits with the register of the Court, the Court should order that the Plan Benefits, less all attorneys' fees and costs Plaintiffs are entitled to charge to the Plan Benefits, should remain in the Plan trust account pending the Court's order with respect to the proper beneficiary or beneficiaries of the Plan Benefits.

WHEREFORE, the Plan requests the Court:

A. Restrain and enjoin the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States Court against the Plan, any of its fiduciaries, the Committee or the Company for recovery of the Plan Benefits by reason of the death of Decedent.

B. Require that Defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits should be paid;

C. Permit the Plan to retain the Plan Benefits in the Plan pending an order declaring the proper beneficiary or beneficiaries, and dismiss Plaintiffs with prejudice from this action, and discharge the Plan, its fiduciaries, the Committee and the Company from any further liability;

D. Award such other and further relief, including attorney's fees and costs, to which the Plan is entitled in law or equity, as this Court deems just and proper; and

E. Award such other and further relief as this Court deems just, equitable and proper.

Dated: September 27, 2024          Respectfully Submitted,

*Attorneys for American Airlines, Inc. 401(k) Plan*

/s/ Grace V.B. Garcia
Grace V.B. Garcia (BBO # 640970)
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Tel: (617) 737-8822
Fax: (617) 342-4914
ggarcia@morrisonmahoney.com

Will file a Motion For *Pro Hac Vice:*

Patrick C. DiCarlo, Esquire
Groom Law Group, Chartered
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
202-857-0620 (phone)
202-659-4503 (fax)
PDicarlo@groom.com